# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:22-CV-00268-KDB

| | |
|---|---|
| **RICKEY L. MCCOLLUM,**<br><br>Plaintiff,<br><br>v.<br><br>**KILOLO KIJAKAZI, Acting Commissioner of Social Security,**<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Rickey L. McCollum's Complaint (Doc. No. 1), Plaintiff's Opening Brief (Doc. No. 7), and Defendant Commissioner's Motion for Summary Judgment (Doc. No. 10). McCollum, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for supplemental social security income under the Social Security Act.

Having reviewed the parties' briefs, the administrative record, and the applicable authority, the Court finds that Defendant's decision to deny McCollum's application for social security benefits is supported by substantial evidence. Accordingly, Plaintiff's judicial appeal of the Commissioner's decision is **DENIED,** and the decision is **AFFIRMED.**

## I. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to

1

benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id.* at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[1] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo, Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry*, 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*,

---

[1] As the Fourth Circuit has noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty ... lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' ... [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not. *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction 'is so narrow that it is often very difficult for a court to decide upon which side of the line' evidence falls). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that 'scintilla is Latin for "whatever a judge wants it to mean."' ... To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards ... but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756 (4th Cir. 2021).

2

434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id.* (internal quotation marks omitted); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, in all cases the Court must always ensure that proper legal standards are being followed.

## II. FACTS AND PROCEDURAL HISTORY

On October 25, 2019, Plaintiff McCollum filed an application for supplemental security income, alleging that he had been disabled since March 9, 2016. (AR 15). His application was denied on its first review and then again upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Plaintiff's application in a decision dated March 14, 2022. (AR 12). The Appeals Council denied McCollum's request for review and thus the ALJ's decision was the final decision of the Commissioner. (AR 1). Plaintiff timely sought judicial review of that decision under 42 U.S.C. § 405(g). (Doc. No. 1).

3

Case 1:22-cv-00268-KDB   Document 12   Filed 10/10/23   Page 3 of 10

1. The Commissioner's Decision

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration ("SSA") to determine whether Mr. McCollum was disabled under the law during the relevant period.[2] At step one, ALJ determined that Plaintiff had not engaged in substantial activity since October 25, 2019. The ALJ noted that Plaintiff's earnings record showed no income for 2019 and no amounts thereafter. (AR 17).

At step two, the ALJ determined that McCollum had medically determinable impairments that significantly limit his ability to perform basic work activities. These impairments included "status post cerebrovascular insult, status post aortic valve replacement, blindness in right eye, chronic obstructive pulmonary disease (hereinafter COPD), neurocognitive disorder, affective disorder, and substance addition – alcohol (20 CFR 416.920(c))." (AR 18).

However, at step three the ALJ decided that McCollum's impairments did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). (AR 18). The ALJ noted that McCollum collects firewood, mows grass, shops in stores, can follow spoken directions if given slowly, feeds and cares for his pets, completes household chooses such as laundry, sweeping, mopping, washing dishes, and taking out the garbage. (AR 18-19).

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but at step five the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

Before proceeding to step four, the ALJ found that McCollum had the following residual function capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b) except the claimant can have no concentrated exposure to pulmonary irritants; he can have no concentrated exposure to extreme heat or cold or to extreme humidity; he can have no concentrated exposure to hazards, such as unprotected heights or dangerous moving machinery. He can have no jobs requiring binocular vision because of right eye blindness; he can sustain concentration, persistence, and pace for periods of two hours at a time with simple routine tasks. (AR 19).

The ALJ then reviewed McCollum's medical history and found that his determinable impairments could reasonably be expected to cause the alleged symptoms, but that his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 21). Finally, the ALJ reviewed a consultative examination by Scott A. Duncan, Psy.D.; a Physical Questionnaire Justin Roby, M.D., McCollum's primary care physician; and a consultative examination by Deborah Barnett, Ph.D. For each, the ALJ reviewed the expert's findings before explaining how much weight the ALJ gave to each report and the reasons for assigning such weight. (AR 22).

At step four, the ALJ found that McCollum was unable to perform his past relevant work as an automobile mechanic. (AR 24).

At step five, however, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform based on his age, education, work experience, and RFC. (AR 24). These jobs included garment sorter and routing clerk. (AR 25). The ALJ therefore found that McCollum was not disabled under the Social Security Act from October 25, 2019, through the date of the decision. *Id.*

### III. DISCUSSION

Plaintiff argues that the ALJ made two errors. First, he argues that the ALJ's RFC and step five determinations were not supported by substantial evidence because the ALJ failed to properly assess Dr. Barnett's opinion. (Doc. No. 7, at 7). Second, McCollum argues that the ALJ's RFC and step five determinations were not supported by substantial evidence because the ALJ failed to duly assess Plaintiff's visual impairments. *Id.*

A. Dr. Barnett's Opinion

McCollum first argues that the ALJ erred in finding that Dr. Barnett's opinion was (1) inconsistent with Plaintiff's lack of psychiatric treatment, (2) inconsistent with Plaintiff caring for an elderly parent, (3) unsupported because it followed a single examination which included Plaintiff's own statements about his mental health, and (4) inconsistent with the lack of notes citing difficulty with social functioning. *Id.* As guidance when evaluating medical evidence, the Fourth Circuit has held that if a "physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). In making such an assessment, the ALJ must "[s]how [his] work." *Patterson v. Commissioner of Social Security Administration*, 846 F.3d 656, 663 (4th Cir. 2017).

Here, the ALJ provided an extensive recounting of seven different medical examinations and a review of McCollum's daily activities, such as collecting firewood, cutting grass, and caring for his elderly mother. (AR 19-22). The ALJ also reviewed three medical opinions, finding one to be persuasive, and the other two unpersuasive. (AR 22-23). The framework of the ALJ's analysis of each opinion is the same. First, the ALJ describes the medical findings or diagnosis, followed

by a description of the medical tests or complaints that led to that specific finding. The ALJ then describes the weight attributed to the medical opinion and the reasons for the attribution.

The ALJ found Dr. Barnett's opinion to unpersuasive because he determined that Dr. Barnett's statements that Plaintiff suffered from major depressive disorder, psychotic features, generalized anxiety disorder, panic disorder, and alcohol abuse, were inconsistent with Plaintiff's lack of psychiatric treatment or in-patient psychiatric hospitalizations. (AR 23). Moreover, the ALJ explained that Dr. Barnett's opinion was inconsistent with Plaintiff's capacity to engage in daily activities such as taking care of an elderly parent. *Id.* The ALJ also offered a specific example from Dr. Barnett's report to show why he found her reliance on McCollum's self-reported statements unconvincing: Dr. Barnett's opinion stated that Plaintiff's inability to drive was an example of a decline in daily functioning. (AR 1255). But at the hearing, McCollum testified that he stopped driving because he lost his driver's license following a DUI, not because of cognitive decline. (AR 43). Lastly, the ALJ relied on his review of the medical evidence in finding that Dr. Barnett's findings were inconsistent with a lack of records showing Plaintiff had difficulty with social functioning or interacting with medical providers. (AR 23). Accordingly, the Court finds that the ALJ sufficiently considered Dr. Barnett's opinion in his determination of the RFC and step five determination.

### B. Plaintiff's Visual Impairment

McCollum next argues that the ALJ failed to properly assess his visual impairments. After reviewing the evidence, the ALJ determined that McCollum had a severe impairment of the right eye (blindness) but that his complaints regarding declining vision in his left eye did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404. (AR 18). In his brief, McCollum argues that there is insufficient evidence in the record regarding his visual

7

Case 1:22-cv-00268-KDB   Document 12   Filed 10/10/23   Page 7 of 10

impairments for the ALJ to have made such a determination. (Doc. No. 7, at 10-12). First, the burden is on the claimant to provide evidence of any disability. 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); *see also Gross v. Heckler*, 785 F.2d 1163, 1165 (4th Cir. 1986) ("The claimant must demonstrate that he has a medically determinable physical or mental impairment, and that the impairment renders him unable to engage in substantial gainful employment.") (citation omitted); *Brown v. Commissioner Social Security Administration*, 873 F.3d 251, 254-55 (4th Cir. 2017) (reviewing the Claimant's burden to prove his or her disability).

Regarding his right eye, McCollum contends that the ALJ improperly determined that McCollum's right eye blindness was a "severe" impairment but failed to consult an ophthalmologic source and only limited him to jobs that do not require binocular vision. *Id.* McCollum appears to argue that the ALJ should have gone further and instead included in the RFC a required accommodation for his overall diminished visual acuity. (*See* Doc. Nos. 7, at 11; 11, at 3). The Court disagrees.

The ALJ credited McCollum's assertion that he is blind in his right eye and fashioned an RFC limiting McCollum to jobs that do not require binocular vision. (AR 18-19). However, the ALJ did not credit McCollum's assertions regarding declining vision in his left eye after finding that "[n]o treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same

or equivalent to those of any listed impairment of the Listing of Impairments…" (AR 18).[3] The ALJ noted that McCollum is able to tinker with things, take care of his pets, do household chores, and handle bills. (AR 18-19). Moreover, McCollum presented no evidence or testing that showed his vision in his left eye was declining or that he could not perform jobs requiring near acuity. Thus, the ALJ could reasonably conclude that McCollum's lack of medical records regarding his left eye and evidence that he engaged in daily tasks are substantial evidence of McCollum's ability to see in his left eye.

In his reply brief, McCollum argues that ALJs have a "duty to explore all relevant facts and inquire into the issues . . . and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." (Doc. No. 11, at 3) (quoting *Cook v. Heckler*, 783 F.2d 1168, 1173 (1986)). However, in Cook, the Fourth Circuit only chided the ALJ for "his failure to ask questions and demand the production of further evidence" where no evidence on the issue had been produced, not for a failure to independently consult a medical professional when there was already evidence in the record, which is McCollum's argument in this appeal. *See Cook*, 783 F.2d at 1173. McCollum contends that the only physical health opinions of record failed to meaningfully address his vision. (Doc. No. 7, at 10). Yet, McCollum provided doctor's reports which noted that McCollum was blind in his right eye, which the ALJ credited in his RFC. (AR 19, 1109, 1111). As noted above, with respect to his left eye, even though McCollum complains of declining vision in his left eye, he provided no tests confirming loss of vision and does not appear to have been formally evaluated for his vision loss, despite being instructed to submit such evidence. (AR 136,

---

[3] The ALJ specifically referenced Listing of Impairments 2.04. AR 18. 2.04 refers to "Loss of visual efficiency, or visual impairment, in the better eye." Social Security Administration, *Disability Evaluation Under Social Security*, https://www.ssa.gov/disability/professionals/bluebook/2.00-SpecialSensesandSpeech-Adult.htm - 2_04 (last accessed Sept. 22, 2023).

173, 1111, 1149). Given McCollum's ability to engage in daily activities, the ALJ, after crediting McCollum's assertion that he was blind in his right eye, had sufficient evidence to determine that McCollum can see out of his left eye.

In sum, the Court concludes that the ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

## IV.   ORDER

It is therefore ordered that the Commissioner's decision is **AFFIRMED** and the Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed:   October 10, 2023

Kenneth D. Bell
United States District Judge